UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                             :
MAEGEN HENRIQUEZ-FORD,                   :
                              Plaintiff,    :
                                                       :
               -v-                                :
                                                       :           14-CV-2496 (JPO)
COUNCIL OF SCHOOL SUPERVISORS        :
AND ADMINISTRATORS, *et al.*,              :           OPINION AND ORDER
                               Defendants.   :
                                                       :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiff Maegen Henriquez-Ford, proceeding *pro se*, brought this action alleging that her former employer, the New York City Department of Education ("the DOE"), and the two labor unions that represented her during her employment, the Council of School Supervisors and Administrators ("the CSA") and the United Federation of Teachers ("the UFT"), discriminated against her in violation of various federal and state anti-discrimination statutes, as did a collection of individuals associated with those organizations. Defendants moved to dismiss Amended Complaint, and this Court granted those motions on June 23, 2015. (Dkt. No. 48.)

       In the June 23 Order, the Court granted Henriquez-Ford leave to file a new amended complaint on two limited issues. Henriquez-Ford filed a Second Amended Complaint on July 23, 2015, which the DOE, CSA, and UFT have each moved to dismiss. (Dkt. Nos. 49, 53, 57, 58.) For the reasons that follow, the motions are granted.

**I.      Analysis**

       A complete description of the factual background appears in the Court's previous opinion in this action. (Dkt. No. 48.) In the Second Amended Complaint, Henriquez-Ford limits her

claims to alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") by the Department of Education, UFT, and CSA. Defendants move to dismiss those claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court construes the *pro se* Second Amended Complaint liberally, "accepts all allegations in the complaint as true," and "draw[s] all inferences in the non-moving party's favor." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam).

The Court's June 23 Order dismissing all of Henriquez-Ford's claims granted leave to amend on two grounds. First, the Order dismissed Henriquez-Ford's Title VII and ADEA claims against DOE and CSA for failing to exhaust them before the EEOC. *See Williams v. N.Y.C. Housing Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). The dismissal was "without prejudice to renewal should Henriquez-Ford provide the necessary documentation or support for such exhaustion to the Court." (Dkt. No. 48 at 10.) Second, the Order dismissed Henriquez-Ford's retaliation and hostile work environment claims for failing to "identify any protected activity or any conduct that rises to the level of a hostile work environment." (*Id.* at 13 n.7.) These claims were also "dismissed with leave to amend." (*Id.*)

The Second Amended Complaint does not rectify either of these pleading deficiencies. As to the former, Henriquez-Ford merely asserts that "[b]y [her] recollection, [she] did file her complaint with the EEOC by the deadline." (Dkt. No. 49 at 4.) Henriquez-Ford produces no evidence from the EEOC, nor does she allege any detail about the EEOC proceedings, including whether she specifically alleged that she filed her *Title VII* claims before the EEOC. This conclusory allegation, standing alone, is insufficient to satisfy the exhaustion requirement. *See*

*Bey v. Welsbach Elec. Corp.*, No. 01–CV-2667, 2001 WL 863419, at * 3 & n.3 (S.D.N.Y. July 30, 2001).

As to the latter, the Second Amended Complaint still lacks factual allegations that state a claim to relief for retaliation or a hostile work environment. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."). To plead retaliation, a complaint must allege that a plaintiff "engaged in protected activity" that was causally connected to the retaliation. *See Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks omitted) (describing the elements of a retaliation claim); *see, e.g.*, *Giscombe v. N.Y.C. Dep't of Educ.*, 39 F. Supp. 3d 396, 401 (S.D.N.Y. 2014) (defining "protected activities"). The Second Amended Complaint contains no allegation that Henriquez-Ford engaged in protected activity. To plead a hostile work environment claim, a complaint must allege that "a workplace is so severely permeated with discriminatory intimidation, ridicule, and insult, that the terms and conditions of her employment were thereby altered." *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013) (quoting *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2002)). To the extent the Second Amended Complaint alleges any discriminatory activity in Henriquez-Ford's workplace, it falls far short of a plausible hostile work environment claim.

Finally, although the June 23 Order granted leave to amend on only limited grounds, the letter attached to the Second Amended Complaint contains new arguments and allegations in reaction to the June 23 Order. These additional statements do not disturb the Court's conclusions. For example, the Second Amended Complaint's additional allegations in support of Henriquez-Ford's ADA claims are entirely conclusory. A portion of the Second Amended

Complaint could be construed as a request for equitable tolling of statutory timing deadlines, which barred some of her claims. Bare allegations that Henriquez-Ford's delay was caused by the unions "dragg[ing] out the administrative process" and the Defendants' "decepti[ons]" (Dkt. No. 4), however, are too vague and conclusory to justify such tolling. *See, e.g.*, *Richards v. N. Shore Long Island*, No. 10 Civ. 4544 (LDW), 2011 WL 6102055, at *4 (E.D.N.Y. Dec. 6, 2011).

## II.     Leave to Amend

In general, "where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Crisci-Balestra v. Civil Serv. Employees Ass'n, Inc.*, 2008 WL 413812, at *6 (E.D.N.Y. Feb. 13, 2008) (quoting *Shelton v. Trs. of Columbia Univ.*, 236 F. App'x 648, 649 (2d Cir. 2007) (summary order)) (internal quotations marks and alterations omitted). In this case, Henriquez-Ford has already received one post-dismissal opportunity to amend. A liberal reading of the complaint suggests that Henriquez-Ford may be able to provide better evidence that she exhausted her Title VII claims before the EEOC, but not that she can state a claim for retaliation or hostile work environment. Accordingly, the Court grants Henriquez-Ford a final opportunity to amend the complaint, limited solely to her Title VII claim against DOE and CSA, provided that she does so by February 7, 2016. (*See* Dkt. No. 48 at 8-9.)

## III.    Conclusion

For the foregoing reasons, Defendants' motions to dismiss the Amended Complaint are GRANTED, and the case is dismissed. Any further amended complaint, to the extent permitted by this opinion, shall be filed on or before February 7, 2016. If no such amended complaint is filed, the dismissal shall be with prejudice and the case shall be closed.

The Clerk of Court is directed to close the motions at Docket Numbers 53, 57, and 58.

SO ORDERED.

Dated: January 7, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY