UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                 :
MAEGEN HENRIQUEZ-FORD,                 :
                       Plaintiff,   :
                                    :
                        -v-                     :          14-CV-2496 (JPO)
                                    :
N.Y.C. DEPARTMENT OF EDUCATION,  :         OPINION AND ORDER
                       Defendant.  :
                                      :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Plaintiff Maegen Henriquez-Ford initially brought this action alleging that her former employer, the New York City Department of Education ("DOE"), and the two labor unions that represented her during her employment, the Council of School Supervisors and Administrators and the United Federation of Teachers, discriminated against her in violation of various federal and state anti-discrimination statutes, as did a collection of individuals associated with those organizations. (*See* Dkt. No. 2.) The Court granted a motion to dismiss the Amended Complaint on June 23, 2015, and a motion to dismiss the Second Amended Complaint on January 7, 2016. *Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs*, No. 14 Civ. 2496, 2015 WL 3867565, at *10 (S.D.N.Y. June 23, 2015) ("*Henriquez-Ford I*"); *Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs*, No. 14 Civ. 2496, 2016 WL 93863, at *1 (S.D.N.Y. Jan. 7, 2016) ("*Henriquez-Ford II*").

      The Court granted Henriquez-Ford leave to amend on a single, narrow issue. *Henriquez-Ford II*, 2016 WL 93863, at *2. Henriquez-Ford filed a Third Amended Complaint on March 17, 2016, naming only Defendant DOE. (Dkt. No. 76.) The DOE then moved to dismiss the

Third Amended Complaint.  (Dkt. No. 79; Dkt. No. 80.)  For the reasons that follow, the motion is granted.

I.   **Discussion**

Familiarity with the facts and history of this case is presumed; a complete description appears in the Court's first opinion in this action.  *See Henriquez-Ford I*, 2015 WL 3867565, at *1-*3.  In the Third Amended Complaint, Henriquez-Ford—now represented by counsel[1]—raises three claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and 42 U.S.C. § 1981 ("Section 1981").  (Dkt. No. 76 at 10-13.)  Defendant DOE moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (*See* Dkt. No. 80.)

The Court's Order of January 7, 2016, which dismissed the Second Amended Complaint, granted leave to amend on only one narrow ground:

> A liberal reading of the complaint suggests that Henriquez-Ford may be able to provide better evidence that she exhausted her Title VII claims before the EEOC, but not that she can state a claim for retaliation or hostile work environment.  Accordingly, the Court grants Henriquez-Ford a final opportunity to amend the complaint, *limited solely* to her Title VII claim . . . .

*Henriquez-Ford II*, 2016 WL 93863, at *2 (emphasis added).  The Court, in no uncertain terms, limited Henriquez-Ford's right to amend to her Title VII claim.  But in her Third Amended Complaint, Plaintiff no longer raises a Title VII claim.  For this reason alone, the law of the case requires dismissal of the Third Amended Complaint.  *See Fermin v. United States*, 859 F. Supp. 2d 590, 600 n.12 (S.D.N.Y. 2012) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and

---

[1]   As she is now represented by counsel, she is no longer eligible for the special solicitude given to *pro se* parties. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

compelling reasons militate otherwise." (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir.2009))); *see also, e.g.*, *Rahman v. Fischer*, No. 08 Civ. 4368, 2010 WL 1063835, at *2 (S.D.N.Y. Mar. 22, 2010) (dismissing a claim as "beyond the scope of the permitted amendment"); *Pressley v. Green*, No. 02 Civ. 5261, 2004 WL 97701, at *1 (S.D.N.Y. Jan. 16, 2004) (rejecting a plaintiff's attempt to "continue[ ] to press the same negligence claim, notwithstanding the fact that he was not granted leave to replead this dismissed cause of action").

Even were the Third Amended Complaint not precluded by this Court's prior opinion, it would nonetheless be dismissed for failure to state a claim.[2] As regards Plaintiff's ADA and Rehabilitation Act claims, she fails to plead either that she required a reasonable accommodation or that the DOE refused to make such accommodation available. (*See* Dkt. No. 85 at 23 ("[P]laintiff could perform the essential functions of the job at issue with or without reasonable accommodation.").) *See Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 538-39 (S.D.N.Y. 2014) (citing *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir.2004)) (explaining the requirement of reasonable accommodation under the ADA and the Rehabilitation Act and limiting the responsibility to "make *reasonable accommodation*" only to those disabilities that are "known"). And to the extent that Plaintiff's claim sounds in retaliation—which was specifically barred by the Court's prior opinion in this case, *Henriquez-Ford II*, 2016 WL 93863, at *2—she fails to state a claim, as merely inquiring or making complaints about employment or salary without a "good faith, reasonable belief that the underlying challenged actions of the employer violate the law" does not constitute a protected

---

[2] The DOE also argues that Plaintiff's ADA and Rehabilitation Act claims are precluded by collateral estoppel as a result of an administrative hearing held pursuant to New York State Education Law § 3020-a, (Dkt. No. 80 at 8-11), and that Plaintiff's claims are time barred in part (*id.* at 11-13). The Court need not address these arguments given its finding that the Complaint should be dismissed on other grounds.

activity predicate for a retaliation claim. (*See* Dkt. No. 76 ¶¶ 45, 48.) *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (quoting *Gregory v. Daly*, 243 F.3d 687, 701 (2d Cir. 2001)). As to Plaintiff's Section 1981 claim, she fails to claim that the allegedly retaliatory acts were "performed pursuant to a municipal custom," as would be required to state a claim against the DOE under Section 1981. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

## II.     Leave to Amend

The Court declines to grant Henriquez-Ford further opportunity to amend. "In general, 'where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Henriquez-Ford II*, 2016 WL 93863, at *2 (quoting *Crisci-Balestra v. Civil Serv. Employees Ass'n, Inc.*, No. 07 Civ. 1684, 2008 WL 413812, at *6 (E.D.N.Y. Feb. 13, 2008)). But Plaintiff is no longer *pro se* and has already had three bites at the apple, twice proceeding *pro se* and once with counsel.

## III.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint is GRANTED, and the case is dismissed with prejudice.

The Clerk of Court is directed to close the motion at Docket Number 79 and close the case.

SO ORDERED.

Dated: December 15, 2016
        New York, New York

_____
J. PAUL OETKEN
United States District Judge